UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CHAD M. MCEVER,
SCOTT OPPENHEIMER, and
PEGGY O OPPENHEIMER LIVING TRUST

           Plaintiffs,

v.

TOWN OF SCOTT,

           Defendant

Case 25-cv-508-jdp

---

**DEFENDANT TOWN OF SCOTT'S
ANSWER & AFFIRMATIVE DEFENSES**

---

NOW COMES the defendant Town of Scott, by its attorneys, Kramer, Shull, Reeths, LLP, and in response to the allegations of the plaintiffs' Complaint, states and alleges the following:

## ANSWER

### INTRODUCTION

1. In response to the allegations in the unnumbered introductory paragraph, denies.

### PARTIES

2. In response to the allegations of Paragraphs 1-3, denies knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

3. In response to the allegations of Paragraph 4, admits.

1

## JURISDICTION AND VENUE

4. In response to the allegations in Paragraph 5, admits only that the action purports to arise from the passage of the Ordinance by the Town, denies the remaining allegations.

5. In response to the allegations in Paragraph 6, admits only that state courts in Wisconsin have general subject matter jurisdiction, but denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies the same; affirmatively allege that the action has been removed to federal district court based on the plaintiffs' allegations of federal questions.

6. In response to the allegations in Paragraph 7, admits only that the plaintiffs have made allegations under the listed federal statutes that purport to give rise to federal claims, but denies this defendant violated any rights under the United States Constitution or federal law, and therefore deny all allegations asserting the plaintiffs are entitled to any relief under federal law from this defendant; accordingly deny knowledge or information sufficient to form a belief as to the remaining allegations and put the plaintiff to his proof.

7. In response to the allegations in Paragraph 8, affirmatively alleges that the action has been removed to federal district court based on the plaintiffs' allegations of federal questions and therefore denies the allegations in the paragraph.

8. In response to the allegations in Paragraph 9, affirmatively alleges that the action has been removed to United States District Court for the Western District of Wisconsin and therefore denies the allegations in the paragraph.

## GENERAL ALLEGATIONS

9. In response to the allegations in Paragraph 10, realleges all responses to the previous paragraphs.

### Wake Surfing

10. In response to the allegations in Paragraph 11, admits only on information and belief "wake boats" are almost exclusively the watercraft used for "wake surfing" and that generally ropes are not used in "wale surfing;" denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies the same.

11. In response to the allegations in Paragraph 12, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

12. In response to the allegations in Paragraph 13, denies.

13. In response to the allegations in Paragraph 14, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

### Town of Scott Passes Ordinance

14. In response to the allegations in Paragraphs 15-16, admits.

15. In response to the allegations in Paragraphs 17-18, denies the allegations accurately or completely state the actual language of the ordinance, which is a written law that speaks for itself, and therefore denies the allegations in the paragraphs that are inconsistent with the actual language of the ordinance itself; denies the ordinance bans a "specific type of boat, a 'wake boat.'"

16. In response to the allegations in Paragraph 19, admits.

3

17.   In response to the allegations in Paragraph 20, admits only that members of the public were allowed to present comments—both for and against the ordinance—during the public hearing; affirmatively allege that the Town allowed a lengthier presentation by individual opposed to wake surfing, but also allowed an attorney for the plaintiffs to speak on behalf of wake surfing proponents for a lengthier time, and therefore denies that the Town limited all members of the public to speak for 3 minutes.

18.   In response to the allegations in Paragraph 21, denies the allegations are a complete and accurate statement of what occurred at the hearing and meeting and therefore denies and puts the plaintiffs to their proof.

19.   In response to the allegations in Paragraph 22, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

20.   In response to the allegations in Paragraph 23, denies.

21.   In response to the allegations in Paragraph 24, admits but affirmatively alleges public comment was allowed at intervening meetings on the proposed ordinance both for and against, including the plaintiff Chad McEver.

22.   In response to the allegations in Paragraph 25, denies the Town improperly deleted any comments; admits Supervisor Vanous sent an email to the Town Clerk regarding his continual forwarding of email comments, but denies the allegations in the paragraph accurately and completely state all of the communications alleged in the paragraph and therefore denies and puts the plaintiffs to their proof.

4

23. In response to the allegations in Paragraph 26, affirmatively alleges that the Town received numerous written communications from many individuals both for and against the ordinance after the public hearing, denies the Town had any affirmative obligation to respond to such communications; therefore denies any allegation in the paragraph implying otherwise.

24. In response to the allegations in Paragraph 27, affirmatively alleges that plaintiffs' attorneys sent multiple communications to the Town after the public hearing which included information they wanted the Town Board to consider regarding the ordinance; denies knowledge or information as to the accuracy of the substance of any of the information they provided and therefore denies and puts the plaintiffs to their proof.

25. In response to the allegations in Paragraph 28, admits the plaintiffs' attorneys made such a request, but affirmatively allege that the Town had already given the plaintiffs' attorney an opportunity to present at the earlier September public hearing, but said attorney did not elect to present any video or power point demonstration but simply ended his comments.

26. In response to the allegations in Paragraph 29, denies the Town was required to respond to the plaintiffs' attorneys request; affirmatively alleges plaintiffs' counsel was provided an opportunity to present their position in opposition to the proposed ordinance at the September public hearing and therefore denies the Town denied them an opportunity to present an opposing viewpoint.

27. In response to the allegations in Paragraph 30, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same; affirmatively alleges the plaintiffs and or their attorneys

5

have full opportunity to present any information they wished concerning their position before or at the public hearing held on the ordinance.

28. In response to the allegations in Paragraph 31, admits.

29. In response to the allegations in Paragraph 32, denies.

30. In response to the allegations in Paragraph 33, denies knowledge other individuals wanted to appear and speak to oppose the ordinance at the November meeting, affirmatively allege the individual emailing from Illinois on information and belief was supportive of the ordinance; affirmatively allege the Town had had multiple previous Board meetings and a public hearing prior to November when individuals spoke in favor of or opposing the ordinance.

31. In response to the allegations in Paragraph 34, denies the Town was required to provide the agenda to the plaintiffs' attorney by any deadline; affirmatively allege the Town had properly posted the agenda for the meeting as required under state law and therefore denies any allegation in the paragraph that the Town's actions were improper or illegal.

32. In response to the allegations in Paragraph 35, admits plaintiffs' attorneys were present at the meeting, but denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies the same.

33. In response to the allegations in Paragraph 36, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

34. In response to the allegations in Paragraph 37, admits.

35. In response to the allegations in Paragraph 38, denies.

36. In response to the allegations in Paragraphs 39-40, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

37. In response to the allegations in Paragraph 41, denies; affirmatively alleges all interested parties including the plaintiffs and their attorneys had multiple opportunities to present their comments and information to the Town Board prior to the November board meeting.

38. In response to the allegations in Paragraph 42, admit the Town Board did not conduct a discussion at the November 11 meeting and that it moved and adopted the ordinance by a 2-1 vote; denies the remaining allegations in the paragraph.

39. In response to the allegations in Paragraph 43, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same; affirmatively allege that the approved minutes of the meeting are the official record of what occurred at the meeting.

40. In response to the allegations in Paragraph 44, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same; affirmatively alleges that the approved minutes of the meeting are the official record of what occurred at the meeting.

41. In response to the allegations in Paragraphs 45-46, denies.

42. In response to the allegations in Paragraph 47, admits only that at the November 11 meeting there was not any public input or discussion; but denies the remaining allegations; affirmatively allege the ordinance was discussed at multiple meetings throughout 2024.

### Notice of Claim

43. In response to the allegations in Paragraphs 48-49 admits.

44. In response to the allegations in Paragraph 50, denies knowledge or information sufficient to form a belief as to the legal conclusions in the paragraph and therefore denies the same and puts the plaintiffs to their proof.

### Post-Passage Public Records Lawsuit

45. In response to the allegations in Paragraph 51, denies the allegations accurately reflect the public records requests and therefore denies the allegations.

46. In response to the allegations in Paragraph 52, denies.

47. In response to the allegations in Paragraph 53, admits plaintiffs filed a mandamus action, but denies the allegations in the paragraph accurately reflect the request made by the plaintiffs, which was in part to gain direct access to inspect the devices and private phones of the Town and its officials; which the Town contends in not required under Wisconsin law.

### McEver and Oppenheimer Riparian Property Owners and Wake Boat Owners

48. In response to the allegations in Paragraphs, 54-56, denies knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore deny the same.

49. In response to the allegations in Paragraphs 57-59, denies.

50. In response to the allegations in Paragraphs 60-62, denies knowledge or information sufficient to form a belief as to the allegation in the paragraphs and therefore deny the same.

51. In response to the allegations in Paragraphs 63-65, denies.

8

## CAUSE OF ACTION I

### Declaratory Judgment Under Wis. Stat. § 806.04 Ordinance is Ultra Vires Under Wis. Stat. § 30.77

52. In response to the allegations in Paragraph 66, restates and realleges all responses to the allegations above.

53. In response to the allegations in Paragraph 67, admits only that the Town has authority under state law to regulate use on lakes within its boundaries; the remainder of the allegations are legal conclusions to which no response is necessary, but the extent a response is necessary denies and puts the plaintiffs to their proof.

54. In response to the allegations in Paragraphs 68-69, denies the allegations in the paragraphs fully and completely state the language of the entire state statutes that govern Town ordinances regulating lakes within their boundaries; affirmatively allege that the statutes are further subject to interpretation and application by Wisconsin courts; and therefore denies the allegations in the paragraphs inconsistent with these affirmative allegations and puts the plaintiffs to their proof.

55. In response to the allegations in Paragraph 70, denies.

56. In response to the allegations in Paragraphs 71-73, denies any specific findings are required in the ordinance itself or at the November 11 meeting and therefore denies.

57. In response to the allegations in Paragraph 74, denies any reference to the Condition Report is required in the ordinance and therefore denies.

58. In response to the allegations in Paragraph 75, denies.

59. In response to the allegations in Paragraph 76, admits no specific scientific study was conducted on Birch Lake or other lakes in the Town; but affirmatively alleges that no such specific study is required under Wisconsin law and that other studies have been done on other lakes which establish the basis for potential environmental and other harms that can be generated by certain wake surfing activities.

60. In response to the allegations in Paragraph 77, denies.

61. In response to the allegations in Paragraphs 78-79, denies knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same

62. In response to the allegations in Paragraphs 80-81, denies.

## CAUSE OF ACTION II

### Declaratory Judgment Under Wis. Stat. § 806.04 Ordinance is Ultra Vires Under Wis. Stat. § 30.77

63. In response to the allegations in Paragraph 82, restate and reallege all responses to the allegations above.

64. In response to the allegations in Paragraph 83, admits only that the Town has authority under state law to regulate use on lakes within its boundaries; the remainder of the allegations are legal conclusions to which no response is necessary, but the extent a response is necessary denies and puts the plaintiffs to their proof.

65. In response to the allegations in Paragraphs 84-85, denies.

66. In response to the allegations in Paragraphs 86-87, denies knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

67. In response to the allegations in Paragraphs 88-89, denies.

## COUNT III

**42 U.S.C. § 1983 – Vagueness of Overbreadth, Procedural Due Process**

68. In response to the allegations in Paragraph 90, restates and realleges all responses to the allegations above.

69. In response to the allegations in Paragraph 91, admits in general, but denies the Town of Scott ordinance violates any Constitutional rights.

70. In response to the allegations in Paragraphs 92-93, denies.

71. In response to the allegations in Paragraph 94, denies the allegations are a full and complete statement of the DNR review letter and therefore denies the allegations and puts the plaintiffs to their proof.

72. In response to the allegations in Paragraph 95, denies.

73. In response to the allegations in Paragraph 96, admit only that the language of the entire ordinance speaks for itself and denies that any particular language is required as suggested by the allegations in the paragraph.

74. In response to the allegations in Paragraph 97, denies.

75. In response to the allegations in Paragraph 98, denies that unregulated wake surfing is a "safe" activity; denies knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same

76. In response to the allegations in Paragraph 99, affirmatively allege the terms in the Town's ordinance are neither vague nor overbroad; denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same

77. In response to the allegations in Paragraph 100, denies.

78. In response to the allegations in Paragraph 101-102, admits only that the ordinance does not prohibit all instance in a bow high manner as long as ballast tanks are not used to create an artificial "enhanced" wake; denies the remaining allegations in the paragraphs.

79. In response to the allegations in Paragraphs 103-106, denies.

80. In response to the allegations in Paragraph 107, admit the phrase "brief transition period" is not specifically defined, but denies the remaining allegations in the paragraph.

81. In response to the allegations in Paragraph 108, admit the phrase "fin" is not specifically defined, but denies the remaining allegations in the paragraph.

82. In response to the allegations in Paragraphs 109-111, denies.

83. In response to the allegations in Paragraphs 112-113, denies. knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

84. In response to the allegations in Paragraphs 114-115, denies.

## CAUSE OF ACTION IV

### 42 U.S.C. § 1983 – Substantive Due Process.

85. In response to the allegations in Paragraph 116, restates and realleges all responses to the allegations above.

86. In response to the allegations in Paragraph 117, deny.

87. In response to the allegations in Paragraphs 118-119, denies.

knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

88. In response to the allegations in Paragraphs 120-121, denies.

## CAUSE OF ACTION V

### Declaratory Judgment Under Wis. Stat. § 806.04 – Procedural Due Process Under Wisconsin Constitution

89. In response to the allegations in Paragraph 122, restates and realleges all responses to the allegations above.

90. In response to the allegations in Paragraph 123, deny.

91. In response to the allegations in Paragraphs 124-125, denies.

knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

92. In response to the allegations in Paragraphs 126-127, denies.

## CAUSE OF ACTION VI

### Declaratory Judgment Under Wis. Stat. § 806.04 – Substantive Due Process Under Wisconsin Constitution

93. In response to the allegations in Paragraph 128, restates and realleges all responses to the allegations above.

94. In response to the allegations in Paragraph 129, deny.

95. In response to the allegations in Paragraphs 130-131, denies.

knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

96. In response to the allegations in Paragraphs 132-133, denies.

## CAUSE OF ACTION VII

### Declaratory Judgment Under Wis. Stat. § 806.04 – Equal Protection and Substantive Due Process for Riparian Owners

97. In response to the allegations in Paragraph 134, restates and realleges all responses to the allegations above.

98. In response to the allegations in Paragraph 135, denies.

99. In response to the allegations in Paragraphs 136-141, denies the allegations in the paragraphs are full and complete statements of Wisconsin law and therefore denies; affirmatively alleges that a riparian owners rights do not include unregulated use of navigable waters just access to and reasonable use of navigable waters; denies the Town's ordinance violates and constitutional or other alleged riparian rights and therefore denies any of the allegations in the paragraphs alleging otherwise.

100. In response to the allegations in Paragraph 141, admits only that the publication speaks for itself; denies the remaining allegations in the paragraph.

101. In response to the allegations in Paragraph 142, denies.

102. In response to the allegations in Paragraphs 143-144, denies. knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

103. In response to the allegations in Paragraphs 145-146, denies.

## CAUSE OF ACTION VIII

### Declaratory Judgment Under Wis. Stat. § 806.04 – Ordinance is Arbitrary, Capricious, or an Abuse of Discretion

104. In response to the allegations in Paragraph 147, restates and realleges all responses to the allegations above.

105. In response to the allegations in Paragraphs 148-155, denies.

106. In response to the allegations in Paragraphs 156, denies the plaintiffs are prohibited from "wake surfing anywhere," denies. knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph and therefore denies the same.

107. In response to the allegations in Paragraphs 157, denies.

108. In response to the allegations in Paragraph 158, denies the allegations in the paragraphs fully and completely state the language of the entire state statutes that govern Town ordinances regulating lakes within their boundaries; affirmatively allege that the statutes are further subject to interpretation and application by Wisconsin courts; and therefore denies the allegations in the paragraphs inconsistent with these affirmative allegations and puts the plaintiffs to their proof.

109. In response to the allegations in Paragraphs 159-160, denies.

110. In response to the allegations in Paragraphs 161-162, denies. knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

111. In response to the allegations in Paragraphs 163-164, denies.

### CAUSE OF ACTION IX

**Declaratory Judgment Under Wis. Stat. § 806.04 – Public Trust Doctrine Under Wisconsin Constitution**

112. In response to the allegations in Paragraph 165, restates and realleges all responses to the allegations above.

113. In response to the allegations in Paragraphs 166-169, denies the allegations in the paragraphs are a complete and accurate statement of the Public Trust Doctrine under Wisconsin law and therefore denies the same and puts the plaintiffs to their proof.

114. In response to the allegations in Paragraphs 170-175, denies.

115. In response to the allegations in Paragraphs 176-177, denies. knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

116. In response to the allegations in Paragraphs 178-179, denies.

## CAUSE OF ACTION X

### Declaratory Judgment Under Wis. Stat. § 806.04 – Consistency Requirement

117. In response to the allegations in Paragraph 180, restates and realleges all responses to the allegations above.

118. In response to the allegations in Paragraph 181, denies the Town's ordinance conflicts with state statutes, therefore denies any allegation in the paragraph implying otherwise.

119. In response to the allegations in Paragraph 182-186, denies.

120. In response to the allegations in Paragraph 187-188, denies. knowledge or information sufficient to form a belief as to the allegations in the paragraphs and therefore denies the same.

121. In response to the allegations in Paragraphs 188-189, denies.

## AFFIRMATIVE DEFENSES

The defendant Town of Scott separately affirmatively alleges and shows to

16

the Court the following affirmative defenses:

 A. That the plaintiff's' Complaint may fail to state a claim upon which relief may be granted against these defendants.

 B. Some or all of the plaintiffs' claims may not be justiciable either because they lack standing or the claims are not ripe.

 C. The Court may lack jurisdiction over some the claims.

 D. The Town's Ordinance is consistent with the requirements of Wisconsin law and Wis. Stat. § 30.77.

 E. The Town's Ordinance was enacted consistent with the requirements of Wisconsin law and Wis. Stat. § 30.77.

 F. The Town's enactment of the Ordinance was consistent with its police powers authority and legislative authority to enact laws to promote and protect the health and safety of the public.

 G. The Town's enactment of the Ordinance was consistent with both procedural and substantive due process under the United States and Wisconsin Constitution.

 H. The Town's Ordinance is a proper and valid exercise of the Town of Scott's legislative authority.

 I. The Town's Ordinance is presumed constitutional.

 J. To the extent the plaintiffs' claims are facial challenges to the constitutionality of the Ordinance they cannot meet their burden of establishing that no set of circumstances exists under which the Ordinance would be valid.

K.   The Town's Ordinance also contains a severability clause so that even if a provision of the Ordinance is determined unenforceable, the remainder of the Ordinance is ineffective.

L.   The Town's Ordinance does not deprive the plaintiffs of all beneficial use of their boats or their alleged property.

M.   The Town's ordinance has not been enforced by the Town against any of the plaintiffs and therefore the plaintiffs have not been harmed or injured.

N.   The Town's Ordinance does not violate any of the plaintiffs' riparian rights or the Public Trust Doctrine under Wisconsin law.

O.   The Town Ordinance does not violate a fundamental right and is rationally related to the Town's valid exercise of its legislative authority to enact laws to promote and protect the health and safety of the public.

P.   The Town's Ordinance was enacted in furtherance of the protection of all users of navigable waters within the Town under the Public Trust Doctrine.

Q.   That any claim for punitive damages against the municipality may be barred as a matter of law by *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 297 (1981) or state law.

R.   The plaintiffs may have failed to mitigate their damages as is required by law.

S.   To the extent the plaintiffs have pled, or meant to plead, state law claims against the defendants, those claims are subject to the requirements of statutory notice and conditions precedent to suit with which the plaintiffs may have failed to fully comply under Wis. Stat § 893.80(1d).

T.	That the state law claims may be subject to statutory damage caps or municipal immunity under Wisconsin law under Wis. Stat § 893.80(4).

U.	That the plaintiffs may have failed to comply with the requirements of Wis. Stat. § 806.04(11).

V.	That the defendant reserve the right to raise additional Affirmative Defenses based on information or facts disclosed or uncovered prior to the time of trial.

WHEREFORE, the defendant Town of Scott, demands judgment dismissing the plaintiffs' Complaint and all claims against them and for an award of attorney fees pursuant to 42 U.S.C. § 1988, costs and disbursements together with such other and further relief as the Court deems just and equitable.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated at Wausau, Wisconsin this 17th day of June, 2025.

**/s/ Michael J. Roman**
Michael J. Roman
State Bar No. 1020648

Attorneys for Defendant, Town of Scott.
KRAMER SHULL REETHS LLP,
210 McClellan Street
Suite 400
Wausau, WI  54403
715/845-5656
mroman@ksrllp.com