UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**CHAD M. MCEVER,**
**SCOTT OPPENHEIMER, and**
**PEGGY O OPPENHEIMER LIVING TRUST**

    **Plaintiffs,**

  v.                                                                                          Case No.  25-cv-508

**TOWN OF SCOTT,**

    **Defendants**

---

### AMENDED JOINT RULE 26(f) REPORT

---

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in preparation of the scheduling conference scheduled for August 5, 2025, Plaintiffs, Chad McEver, Scott Oppenheimer, and Peggy O Oppenheimer Living Trust ("Plaintiffs), and Defendant, Town of Scott ("Defendant") (with Plaintiffs, the "Parties"), jointly submit this report:

  **A.  A brief description of the nature of the case.**

Plaintiffs are riparian owners of real estate located within the Town of Scott, specifically on Birch Island Lake. On November 11, 2024, Defendant passed Ordinance No. 2024-01, which banned wake surfing in the Town of Scott. Plaintiffs are seeking a declaratory judgment that an ordinance attempting to ban wake surfing on all lakes in the Town of Scott, is illegal and unconstitutional, raising claims under the United States and State of Wisconsin Constitutions and Wisconsin statutes. Plaintiffs are also seeking injunctive relief, enjoining Defendant and any of its officers or other officials from attempting to enforce the vague, overbroad, and illegal ordinance. Defendants assert that the ordinance is a valid and enforceable constitutional exercise of their

legislative authority under Wisconsin law and that Plaintiffs are entitled to none of the relief they are seeking in this lawsuit.

### B. Status of Related Proceedings.

Plaintiffs filed a Writ of Mandamus against Defendants seeking information from Defendants' cell phones related to an open records request made by Plaintiffs to Defendant. The matter is pending before Burnett County Circuit Court Case No. 25 CV 021.

### C. Status of Pleadings.

Defendant moved to remove this case from Burnett County Circuit Court to the federal Western District of Wisconsin on June 17, 2025, along with supportive documents. Defendant filed an Answer to Plaintiffs' Complaint on June 18, 2025. On June 24, 2025, Last Wilderness Alliance ("LWA") filed a Motion to Intervene, and on July 9, 2025, Plaintiffs responded, on July 16, 2025, LWA replied and LWA's Motion to Intervene is pending before this Court. Depending on the outcome of the LWA Motion to Intervene, Plaintiffs may amend the Complaint.

### D. Settlement Discussions.

None.

### E. Rule 26(f) Discovery Plan.

The Parties propose the following discovery plan. A proposed schedule is below.

1. <u>Initial Disclosures</u>.

The parties shall make all initial disclosures required under Rule 26(a)(1) by August 22, 2025.

2. <u>Time to Complete Discovery</u>.

The Parties agree that all discovery shall be completed by March 31, 2026. The Parties agree there is no need to conduct discovery in phases. In the event experts are needed, the

parties agree Plaintiffs will disclose any experts and reports by December 19, 2025, and Defendants will disclose any experts and reports by February 20, 2026.

    3. <u>Electronically Stored Information</u>.

The Parties agree that they will produce either a hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, cloud-based server, FTP site, or other similar medium. To the extent the Parties make discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the Parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI-related costs.

    4. <u>Protective Orders</u>.

The Parties do not anticipate needing protective orders. In the event protective orders appear necessary, the Parties agree to enter into a stipulated protective order to be negotiated by the Parties and submitted to the Court for approval prior to the exchange of discovery.

**F. Dispositive Motions.**

The Parties agree dispositive motions following the close of discovery may be useful in resolving the case or limiting the issues to be resolved at trial. The Parties may file dispositive motions, if any, by April 10, 2026.

**G. Trial.**

The Plaintiffs have not requested a jury trial, but the Defendant has. The Parties estimate trial can be completed in approximately 5 days but reserve the right to adjust that estimate following discovery and the outcome of any dispositive motions. The Parties estimate that a trial can begin following the resolution of dispositive motions in October 2026. The Parties agree to

exchange final pre-trial disclosures no later than 30 days before trial and to participate in a pre-trial conference no later than 7 days before trial.

**H.  Other matters as may affect the scheduling of this case for final dispositions.**

None.

Dated this 29th day of July, 2025.

*/s/ Anders B. Helquist*
Anders B. Helquist, SBN 1070854
Weld Riley, S.C.
3624 Oakwood Hills Pkwy.
Eau Claire, WI  54702
Telephone: 715.839.7786
ahelquist@weldriley.com

Attorneys for Plaintiffs


**s/ Michael J. Roman**
Michael J. Roman
State Bar No.: 1020648
KRAMER SHULL REETHS LLP
210 McClellan Street, Suite 400
Wausau, WI 54403
Telephone: 715/845-5656
Fax: 715/845-5666
mroman@ksrllp.com

Attorneys for the Defendant, Town of Scott