IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD M. McEVER, SCOTT OPPENHEIMER,
and PEGGY O OPPENHEIMER LIVING TRUST,

                Plaintiffs,                      OPINION and ORDER

    v.

TOWN OF SCOTT,                                    25-cv-508-jdp

                Defendant.

---

Plaintiffs Chad M. McEver, Scott Oppenheimer, and Peggy O Oppenheimer Living Trust have brought this suit against the Town of Scott, challenging the legality of an ordinance that restricts wake surfing on lakes within the town. Last Wilderness Alliance moves to intervene under Federal Rule of Civil Procedure 24, either as a matter of right or through permissive intervention, to defend the ordinance. Dkt. 8. The Alliance is an environmental organization whose primary purpose is to protect Wisconsin lakes from the damage caused by wake surfing.

The court will deny the Alliance's motion to intervene because the Court of Appeals for the Seventh Circuit has held that advocacy interests like those asserted by the Alliance are not sufficient to support intervention as of right. And even if the Alliance had protected interests, it has not shown that the town may be inadequate to represent those interests. The court will also deny permissive intervention because the Alliance has not shown that its status as a party would further judicial economy. If the Alliance believes it has a unique perspective or helpful information, it may promptly move for leave to file an amicus brief when a dispositive motion is filed.

A related issue that none of the parties raise is whether each plaintiff has standing to sue. The two individual plaintiffs both own boats they use to go wake surfing on one of the town lakes, so they have alleged an injury from the ordinance. But plaintiffs do not identify an injury that the ordinance is causing the trust, so the court will direct plaintiffs to show cause why the trust should not be dismissed for lack of standing.

ANALYSIS

The Alliance seeks to intervene under both Rule 24(a)(2) (intervention as of right) and Rule 24(b)(1)(B) (permissive intervention). The court will consider each in turn.

A. Intervention as of right

A proposed intervenor must show four things to intervene as of right: (1) the motion is timely; (2) the proposed intervenor has a "direct, significant and legally protectable interest" in the subject at issue in the lawsuit; (3) the interest may be impaired if the motion is denied; and (4) the existing parties do not adequately represent the interest. *Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 686 (7th Cir. 2023); *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). The Alliance has the burden of proving each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied. *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985). The parties agree that the application was timely, but the remaining elements are disputed. The court concludes that the Alliance does not have a sufficient interest in the lawsuit and that the town adequately represents the Alliance's interests, so the Alliance does not meet the requirements for intervention as of right.

1. **Interest in the lawsuit**

The Alliance asserts two interests in support of its motion to intervene: (1) the subject of the lawsuit relates to issues that are part of the Alliance's mission; and (2) the Alliance's members have rights to use the town's lakes under the public trust doctrine. Circuit law forecloses the Alliance from intervening based on either interest.

   a. **Advocacy interest**

As for the connection between this lawsuit and the Alliance's mission to protect lakes from wake surfing, the court of appeals has held in multiple cases that advocacy interests are not sufficiently direct or substantial to justify intervention as of right. In *United States v. 36.96 Acres of Land*, the government commenced a condemnation action to acquire an Indiana dune. 754 F.2d 855, 857 (7th Cir. 1985). The proposed intervenor—The Save the Dunes Council—was a public interest group that sought legal protection for public use of Indiana dunes and had lobbied extensively for legislation protecting the dunes. *Id.* The council wanted to join the lawsuit on the side of the government, but the court held that the only direct and substantial interests in the case were the government's interest in eminent domain and the property owner's interest in the property. *Id.* at 858. The council's "interest in 'guaranteeing the preservation of [the dune's] natural beauty' . . . for public use [was] not the type of interest which justifies intervention under Rule 24(a)." *Id.* at 859.

In *Keith v. Daley*, a group of physicians challenged the constitutionality of a law restricting abortion. 764 F.2d at 1267. The proposed intervenor—Illinois Pro-Life Coalition, Inc.—was an antiabortion nonprofit organization that had lobbied for the statute being challenged. The court rejected the coalition's contention that Rule 24 should be "broadly construed in public law cases where public interest organizations seek intervention." *Id.* at

3

1268. So it was not enough that the coalition's "very existence [was] intertwined with its ability to promote this type of legislation and to insure that such laws are adequately defended if challenged." *Id.* at 1269. Rather, the court concluded that "the governmental bodies charged with compliance can be the only defendants." *Id.*

The Alliance's interests are indistinguishable from those of the proposed intervenors in *Keith* and *36.96 Acres of Land*. Like those groups, the Alliance is a public interest organization devoted to protecting and advancing the issues that are the subject of the challenged legislation. *Keith* and *36.96 Acres of Land* are several decades old, but the Alliance does not cite any more recent cases from the Supreme Court or the Seventh Circuit that undermine their holdings. Instead, the Alliance cites *W. Energy Alliance v. Zinke*, 877 F.3d 1157 (10th Cir. 2017), which allowed conservation groups to intervene in a lawsuit against the federal government for alleged violations of the Mineral Leasing Act, reasoning that an "environmental concern" and "a record of advocacy" on the issues related to the lawsuit are legally protected interests. *Id.* at 1165–66. *Zinke* is distinguishable because the conservation groups had "spent years negotiating and litigating" a leasing reform policy that was at the heart of the case. The Alliance does not allege that it was involved in drafting the challenged ordinance in this case. In any event, this court must follow Seventh Circuit precedent to the extent it is inconsistent with *Zinke*.

The Alliance argues that *Keith* and *36.96 Acres of Land* are distinguishable because those cases involved one statute and one parcel of land, but the resolution of this case could affect the validity of dozens of other ordinances regulating wake surfing in Wisconsin. This argument fails for two reasons. First, this distinction the Alliance identifies is not a meaningful one. The plaintiffs in this case are challenging only one ordinance, and a district court decision has no precedential value, so any ruling by this court will not have a direct effect on any other

4

ordinances in Wisconsin or anywhere else. It is true that a decision from this court could have persuasive value in other cases, but that could be said of any decision, including the decisions in *Keith* and *36.96 Acres of Land*. As plaintiffs point out, the potential persuasive force of a district court opinion on future and existing ordinances is not the type of impairment to an interest that authorizes intervention as of right. *See Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 532 (7th Cir. 1988). Second, even if this case could affect the outcome of other cases, that does not change the nature of the Alliance's interest. Whether one ordinance or 50 ordinances are at issue, an advocacy interest does not justify intervention as of right in the Seventh Circuit.

### b. Public trust doctrine

The Alliance contends that it has more than just an advocacy interest in this case because its members have a state constitutional right under the public trust doctrine "to the use and protection" of the town lakes. Dkt. 9, at 9. Under the public trust doctrine, "the state holds . . . navigable waters in trust for the public." *Rock-Koshkonong Lake Dist. v. State Dept. of Nat. Res.*, 2013 WI 74, ¶ 78, 350 Wis. 2d 45, 82, 833 N.W.2d 800, 819. The doctrine gives the public the right to use navigable waters such as lakes for recreational purposes, and it requires the state to preserve such waters "for fishing, hunting, recreation, and scenic beauty." *Id.* ¶ 87.

The Alliance does not clearly explain why it believes the public trust doctrine gives it the right to intervene. The court can discern two possible arguments, but both fail. If the Alliance's argument is that the public trust doctrine gives its members (and by extension the Alliance itself) the right to sue for violations of the doctrine, the court of appeals has rejected that argument. In *Protect Our Parks, Inc. v. Chicago Park Dist.*, the court held that an interest in

5

enforcing the public trust doctrine is simply an interest in ensuring that the government follows the law, which is an "undifferentiated injury" or "generalized grievance" that does not give a plaintiff standing to sue in federal court, even if parties do have a right to sue under the public trust doctrine in state court. 971 F.3d 722, 731–32 (7th Cir. 2020). The Alliance's motion is about intervention rather than standing, but intervention requires "more than the minimum Article III interest" that is required for standing, so a "party without standing cannot intervene as of right." *Planned Parenthood*, 942 F.3d at 798.

If the Alliance means to argue that wake surfing has adverse effects on lakes, including the spread of invasive aquatic species, and those adverse effects detract from the Alliance members' enjoyment of the lakes, that argument also fails. The Alliance does not identify any of its members who use or intend to use any of the lakes in Scott for any purpose. As already discussed, this case is only about Scott's ordinance, so an Alliance member's use of lakes outside Scott or a general interest in protecting lakes is not sufficient.

### 2. Adequacy of representation

Even if the Alliance had an adequate interest in the litigation, the court would deny intervention as of right because the Alliance has not shown that the town will not adequately represent the Alliance's interests. There are different tests for determining adequacy depending on the circumstances of the case, *see Bost*, 75 F.4th at 688, and the parties dispute which test should apply. The court need not resolve that dispute because the Alliance fails even the most lenient test, which is whether the proposed intervenor has shown "that representation of [its] interest [by existing parties] may be inadequate." *Id.* at 689.

The Alliance says that the town's representation may be inadequate for two reasons: (1) the town's interest is limited to its own ordinance, but the Alliance is concerned with all of

6

Wisconsin's wake-surfing laws; and (2) the town's defense is likely to be focused on its own police powers rather than the public trust doctrine. The first reason is irrelevant, as the court has already explained. This case is about Scott's ordinance only, so it does not matter whether the Alliance is concerned with other ordinances. The second reason is simply inaccurate. The town has asserted defenses based on the public trust doctrine in its answer. Dkt. 4, at 17–18. In any event, plaintiffs are asserting claims under the public trust doctrine, so the town will have to address those issues.

The Alliance has shown neither that it has a sufficient interest in the case nor that the town may not adequately represent the Alliance's interests. So the Alliance may not intervene as of right.

## B. Permissive intervention

In the alternative, the Alliance asks for permissive intervention under Rule 24(b)(1)(B), which allows intervention on timely motion if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to allow permissive intervention is discretionary, *Sokaogon Chippewa Cmty. V. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000), but the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). The ultimate question is whether intervention would further judicial economy. *See City of Chi. v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011).

The court will deny permissive intervention. Adding new parties generally creates a risk of complicating and delaying the case and making it more expensive to litigate. *See One Wisconsin Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015). It means another party can conduct discovery, file motions, and make demands on the other parties. The Alliance

7

identifies no benefit it offers to justify those additional burdens. It says that it has expertise in "scientific, engineering, and safety issues that are at the heart of this case," Dkt. 9, at 13. But the Alliance does not explain why it believes that its expertise will be especially useful in resolving this case. Plaintiffs' claims are primarily raising procedural challenges, contending that the town violated due process, exceeded its authority, and failed to comply with state requirements before enacting the ordinance. Those claims are not necessarily about scientific and safety issues. If in fact the Alliance's expertise is helpful, the Alliance is free to offer its assistance to the town or ask the court for permission to submit a timely amicus brief if and when the parties file dispositive motions. But the Alliance has not shown that its intervention would further judicial economy.

### C. Plaintiffs' standing to sue

One other issue requires attention: whether each of the plaintiffs has standing to sue. No party challenges any of the plaintiffs' standing, but the court has an independent obligation to address the issue. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1012 (7th Cir. 2021). Plaintiffs must allege three things to establish standing at the pleading stage: (1) a concrete injury; (2) causation; and (3) redressability. *See Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024); *Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (7th Cir. 2015).

It is plausible to infer from the complaint that the two individual plaintiffs meet the requirements for standing. They allege that they own boats that they wish to use for wake surfing in the town lakes, but the town ordinance is preventing them from doing that. Dkt. 2-1, ¶¶ 54–65. If they succeed in invalidating the ordinance, they will be able to wake surf in the town again.

But the complaint does not identify an injury of the trust. The only allegations in the complaint related to the trust are that it owns the home where Scott Oppenheimer sometimes resides in the town. Dkt. 2-1, ¶¶ 2–3, 60. Plaintiffs do not allege that the trust's property has lost value because of the wake-surfing ordinance. So the court will direct plaintiffs to show cause why the trust should not be dismissed from the case.

ORDER

IT IS ORDERED that:

1. Last Wilderness Alliance's motion to intervene, Dkt. 8, is DENIED.

2. Plaintiffs may have until August 28, 2025, to show cause why the Peggy O Oppenheimer Living Trust should not be dismissed for lack of standing. If plaintiffs do not respond by then, the court will dismiss the trust.

Entered August 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge