**IN THE UNITED STATES DISTRCT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

CHAD M. MCEVER,
SCOTT OPPENHEIMER, and
PEGGY O OPPENHEIMER LIVING TRUST,

Plaintiffs,

v.                                                    Case No.: 25-cv-508-jdp

TOWN OF SCOTT,

Defendant.

---

**PLAINTIFFS' MEMORANDUM TO SHOW CAUSE REGARDING STANDING OF**
**THE PEGGY O OPPENHEIMER LIVING TRUST**

---

NOW COMES Plaintiffs, Chad M. McEver, Scott Oppenheimer, and Peggy O Oppenheimer Living Trust, by and through their attorneys, Weld Riley, S.C., by Anders B. Helquist, John Robert Behling, and Jeffrey A. Cormell, and submit the following Memorandum To Show Cause Regarding Standing of the Peggy O Oppenheimer Living Trust:

<u>**INTRODUCTION**</u>

Broadly speaking, this action seeks a declaratory judgment that the Town of Scott's ordinance attempting to completely prohibit wake surfing and other undefined "enhanced wakes" on all lakes in the Town of Scott, Burnett County (hereafter the "Ordinance"), is illegal and unconstitutional. This action also seeks injunctive relief, enjoining Defendant and any of its officers or other officials from attempting to enforce the vague, overbroad, and illegal ordinance.

The Peggy O Oppenheimer Living Trust is the owner of real property in the Town of Scott, Burnett County, Wisconsin (the "Oppenheimer Property"). (Doc. 2-1 at 2, ¶¶2-3). The Oppenheimer Property adjoins and directly abuts Birch Island Lake in the Town of Scott. (Doc. 2-

1

1 at 11, ¶60). The Trust, as the owner of the Oppenheimer Property abutting Birch Island Lake, is known as or referred to as a riparian owner (*Id.*). *See ABKA Ltd. P'ship v. Wisconsin Dep't of Nat. Res.*, 2002 WI 106, ¶ 57, 255 Wis. 2d 486, 512, 648 N.W.2d 854, 866 ("Riparian owners are those who have title to the ownership of land on the bank of a body of water.")

When the Trust became the owner of the Oppenheimer Property in 2005, the Town's Ordinance – enacted in 2024 with its complete prohibitions – did not exist.[1] Reasonable restrictions on recreational activities exist under Wisconsin State Statutes, but no State Statutes prohibit the activity the Ordinance purports to, which is to completely prohibit a type of previously legal, and reasonable, recreational activity – wake surfing. *See* Wis. Stat. § 30.66(3)(ag)2 (setback of 100 feet from shoreline for motorboat in excess of slow-no-wake speed). The Town of Scott lacks the authority to extend the law beyond what the State of Wisconsin has legislated under Wis. Stat. § 30.77 – authorizing limited restrictions, not complete prohibitions. Oppenheimer, as a co-trustee, utilizes the benefits of the Trust's ownership of the Oppenheimer Property, to engage in Trust's riparian rights to engage in wake surfing activities which pre-date the Ordinance. (Doc. 2-1 at 6, ¶2; Doc. 2-1 at 11-12, ¶60).

## LEGAL STANDARD FOR STANDING

To establish standing, the Trust must, and does, meet three elements: (1) the Trust "has suffered or likely will suffer an injury in fact;" (2) the Trust's "injury likely was caused or will be caused by the defendant;" and (3) "that the injury likely would be redressed by the requested judicial relief." *Reps. Comm. for Freedom of the Press v. Rokita,* No. 24-2927, ___F.4th ___, 2025

---

[1] The Court may take judicial notice from Burnett County's land records that the Trust took title to the Oppenheimer Property by quit claim deed in 2005. *See* Beacon Burnett County, WI, *available at* https://beacon.schneidercorp.com/Application.aspx?AppID=1195&LayerID=36060&PageTypeID=4&PageID=13664&Q=1014217437&KeyValue=07-028-2-40-14-18-5+05-003-014000, last accessed August 25, 2025.

WL 2218472, at *3 (7th Cir. Aug. 5, 2025). "The last two requirements—causation and redressability—often go together: after all, if a defendant's action causes an injury, then enjoining that action 'will typically redress that injury.'" *Id.* (quoting *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380-81, 144 S. Ct. 1540 (2024)).

Standing is a threshold jurisdictional question which is independent of, and does not depend on the merits of a party's claims. "The injury must be to the sort of interest that the law protects when it is *wrongfully* invaded. The cases simply require litigants to possess such an interest, which is quite different from requiring them to establish a *meritorious* legal claim." *See Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1024 (7th Cir. 2006) (emphasis in original). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992) (citation omitted).

## ARGUMENT

## THE OPPENHEIMER TRUST, AS A RIPARIAN OWNER, HAS STANDING TO CHALLENGE THE LEGALITY OF THE TOWN'S ORDINANCE

### A. The Trust's Riparian Ownership and Rights that Come with Ownership on their Own is a Legally-Protected Property Interest

The Trust, as a riparian owner of the Oppenheimer Property, has riparian rights that attach to the Property itself and "run with the land." *See Doemel v. Jantz*, 180 Wis. 225, 193 N.W. 393, 395 (1923) (riparian rights are automatically conveyed through a property transfer and "exist as incidents to the right of soil itself contiguous to and attingent on the water").

Here, those riparian rights which attach to the Oppenheimer Property include the right to reasonable recreation and boating on Birch Island Lake. "It is clear in Wisconsin that the mere fact that one owns property abutting a natural body of water presumptively confers certain rights."

*Mayer v. Grueber*, 29 Wis. 2d 168, 174, 138 N.W.2d 197, 203 (1965). Riparian owners have "'special rights to make use of water in a waterway adjoining an owner's property.' They are the 'bundle of rights' that may be conferred upon a property owner by virtue of his contiguity to a navigable body of water." *Movrich v. Lobermeier*, 2018 WI 9, ¶ 22, 379 Wis. 2d 269, 283-84, 905 N.W.2d 807, 813 (internal citations excluded).

One of those riparian rights in the proverbial bundle of sticks includes "[t]he right to reasonable use of the waters for … recreational purposes" on Birch Island Lake. *Id.* Riparian owners "have a right to the reasonable use of the water of the lake" and such right is a "property right." *Bino,* 273 Wis. at 16. Additionally, as part of that recreational right, the Trust's riparian rights which attach to the Property include the right to use Birch Island Lake "for bathing, swimming and *boating* purposes." *Bino,* 273 Wis. at 16 (emphasis added).

**B.  The Trust has Suffered An Injury**

The Ordinance, with very limited exceptions, engages in a broad and sweeping prohibition on the right to reasonable recreation and boating, prohibiting operation of "a boat in an artificially bow-high manner having the effect of increasing the boat's wake." (Doc. 2-1 at 37). This certainly targets a recreational activity like wake surfing, and based on the Ordinance's sweeping language, other boating uses as well (Doc. 2-1, ¶¶ 101, 103, 105).

Alleged harms to "recreational interests in the lake is a concrete and particularized injury in fact that gives [the Trust] Article III standing." *Otwell v. Alabama Power Co.,* 747 F.3d 1275, 1280 (11th Cir. 2014). The Ordinance's passage removed one of the "sticks" in the Trust's bundle of rights that attaches to the Oppenheimer Property. Deprivation of those riparian rights, such as boating or an otherwise reasonable right to recreation (or in this case, a complete prohibition on use of a particular form of reasonable and previously legal form of recreation), can result in damage

4

that "does not result in but incidental damage to his property." *Id.* at ¶21. A riparian right involving boating can be "a substantial and valuable one." *Id.*

### C.  The Trust's Injury was Caused or Will Continue to be Caused by the Town

Absent the passage of this Ordinance, the full bundle of riparian rights which attach to the Oppenheimer Property would have continued to exist. On November 10, 2024, the Oppenheimer Property had a full "bundle of sticks," and after the Ordinance's passage on November 11, 2024, one of the sticks has been removed from the bundle. The Ordinance is the cause of the deprivation.

### D.  The Injury Likely Would be Redressed by the Requested Judicial Relief

The Trust's injury would be redressed by the requested judicial relief. A declaratory judgment holding the Ordinance as unlawful and/or enjoining the Ordinance's enforcement (Doc. 2-1 at 34) would redress the injury and restore the full "bundle of rights" to the Oppenheimer Property.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request this Court find the Peggy O Oppenheimer Living Trust has standing in the above-captioned matter.

Dated this 28th day of August, 2025.

WELD RILEY, S.C.


By:    */s/ Anders B. Helquist*
      Anders B. Helquist
      WI State Bar # 1070854
      John Robert Behling
      WI State Bar # 1036097
      Jeffrey A. Cormell
      WI State Bar # 1101522

3624 Oakwood Hills Parkway
Eau Claire, WI 54701
715-839-7786
ahelquist@weldriley.com
jbehling@weldriley.com
jcormell@weldriley.com
*Counsel for Plaintiffs*