**IN THE UNITED STATES DISTRCT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

CHAD M. MCEVER and
SCOTT OPPENHEIMER,

                                        Plaintiffs,

v.                                                                    Case No.: 25-cv-508-jdp

TOWN OF SCOTT,

                                        Defendant.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION TO COMPEL DISCOVERY**

---

Plaintiffs, by their attorneys, Weld Riley, S.C., respectfully submit this Memorandum of Law in Support of The Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a)(3)(B):

## INTRODUCTION

Repeatedly throughout this action, Defendant has failed to timely provide answers or responses to Plaintiffs' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents ("Plaintiffs' Discovery" or individually, "Plaintiffs' Interrogatories," as appropriate). Plaintiffs' Discovery was served on December 18, 2025, and Plaintiffs granted Defendant an extension until January 23, 2026. Despite good faith efforts to resolve this dispute, Plaintiffs have not received any answers to Plaintiffs' Interrogatories. When finally provided to Plaintiffs, the Production of other documents or responses related to Plaintiffs' Requests for Production of Documents and Requests for Admissions have been delayed well-beyond the deadline to serve such responses or produce such documents. Defendant's delays and their failure

1

to provide certain discovery responses harms Plaintiffs' ability to effectively and timely prosecute its case against the Town.

Plaintiffs seek an order compelling Defendant to immediately provide full, complete, and executed answers to Plaintiffs' Interrogatories without objection and pay Plaintiffs' reasonable expenses and attorney's fees incurred in bringing this Motion.

## **BACKGROUND**

On December 18, 2025, pursuant to FRCP 33, 34 and 36, Plaintiffs served Plaintiffs' Discovery on Defendant. (Helquist Affidavit, ¶ 3, Ex. A). Service of Plaintiffs' Discovery on December 18 came after Defendant's legal counsel, on November 25, 2025, requested an initial delay in service of Plaintiffs' Discovery due to scheduling and staffing issues. (*Id.* at ¶ 5). Plaintiffs' legal counsel agreed to delay serving written discovery, with the understanding that waiting to serve discovery would mean an extension to respond to discovery would not be needed by the Defendant. (*Id.*). In their attempt to accommodate Defendant counsel's schedule, Plaintiffs extended the courtesy even longer than agreed to on the November 25 call, going beyond the first week of December and waiting until December 18 to serve Plaintiffs' Discovery. (*Id.* at ¶¶ 3-4).

As such, Defendant's answers, responses, and production of documents in response to Plaintiffs' Discovery were due on January 17, 2026. The courtesy delay in serving Plaintiffs' Discovery until December 18, with the understanding it would not necessitate an extension request, was for naught. On January 15, 2026, prior to the January 17 deadline for Defendant's discovery responses to Plaintiffs' Discovery, Defendant's attorney requested an extension until January 23, 2026 to file Defendant's discovery responses. (*Id.* at ¶ 6). Attorney Cormell granted that extension on January 16, 2026. (*Id.*, Ex. C).

On January 23, 2026, Attorney Roman filed a Certificate of Service. (*Id.* at ¶ 7, Ex. D). The Certificate of Service limited itself to the Requests for Admission, not the responses to Plaintiffs' Discovery relating to Plaintiffs' Interrogatories or Requests for Production of Documents. (*Id.*). The Certificate of Service certified and stated the responses were placed in first class mail on January 23, 2026. (*Id.*).

Two (2) weeks later, as of February 3, 2026, Plaintiffs' legal counsel had not received the Defendant's Response to Plaintiffs' First Set of Requests for Admissions or any other discovery responses from the Defendant. (*Id.* at ¶ 8). Accordingly, on February 3, 2026, and in an attempt to confer and obtain an update from Defendant's legal counsel, Plaintiffs' legal counsel sent an e-mail to Defendant's counsel stating Plaintiffs' counsel had not received the discovery that Defendant's counsel had certified mailing to Plaintiffs' counsel on January 23, 2026. (*Id.* at ¶ 9, Ex. E). In an attempt to confer, the February 3 e-mail to Defendant's legal counsel also requested two simple things: (1) a tracking number for responses that were purportedly mailed; and (2) that a copy of the discovery responses be e-mailed to Plaintiffs' counsel. (*Id.*). The only response received to that e-mail was a dated, then-week-old out-of-office reply that Defendant's law firm was moving office spaces on January 26 and 27. (*Id.* at ¶ 11).

Having still received no further response or any of the discovery responses or documents in response to Plaintiffs' Discovery (*id.* at ¶¶ 11, 16-17, 21), and in another attempt to confer, on Friday, February 6, 2026, Plaintiffs' legal counsel e-mailed a letter to Defendant's legal counsel, providing one final attempt to obtain Defendant's discovery responses, and requested that such responses be delivered to Plaintiffs' counsel by 4:00 p.m. CT. on February 9, 2026. (*Id.* at ¶ 10, Ex. F). The letter also put Defendant's counsel on notice that if all of the discovery responses were not received by that time, that Plaintiffs would file a motion to compel discovery. (*Id.*). Prior to

February 9, 2026, the only response received to that February 6 e-mail was the same dated out-of-office reply that Defendant's law firm was moving office spaces on January 26 and 27. (*See id.* at ¶ 11).

In yet another attempt to avoid filing a Motion to Compel, prior to the February 9, 4 p.m. deadline given to Defendant, Plaintiffs further attempted to confer with Defendant's legal counsel on February 9, 2026, leaving a voicemail in Defendant's voice mailbox and sending a follow-up email regarding the lack of any discovery responses received. (*Id.* at ¶¶ 12-13, <u>Ex. G</u>). In response to Affiant's February 9 e-mail was an out-of-office reply from Defendant's legal counsel, which said, "On Monday February 9, I will be out the office for much of the day in Rhinelander and will not have access to my email I will respond to any emails as soon as possible after I return. Thank you." (*Id.* at ¶14).

Before Plaintiffs had an opportunity to file a Motion to Compel on February 10, 2026, on the morning of Tuesday, February 10, Defendant's counsel emailed Affiant, and Affiant and Defendant's counsel set a conference call at 4 p.m. on February 10 to discuss discovery matters. (*Id.* at ¶ 15). Approximately one (1) hour before the scheduled call with Defendant's legal counsel, on the afternoon of February 10, Defendant provided electronic copies of the Defendant's responses to the Plaintiffs' Requests for Production of Documents and produced documents themselves. (*Id.* at ¶ 16). February 10 was the first time Plaintiffs' legal counsel had received or seen the Defendant's responses to Plaintiffs' Requests for Production of Documents or the produced documents themselves, which were originally due on January 17, 2026 and to which an extension had been granted for them to be due no later than January 23, 2026. (*Id.*).

Approximately at or around the time of the February 10, 2026 phone call with Defendant's legal counsel at 4 p.m., Defendant supplied an electronic copy of the Defendant's responses to

4

Plaintiffs' Requests for Admissions. (*Id.* at ¶ 17). February 10 was the first time Plaintiffs' legal counsel had received or seen the Defendant's responses to Plaintiffs' Requests for Admissions. (*Id.*).

During the February 10, 2026 phone call between Affiant and Defendant's legal counsel, Defendant's counsel said signatures for the answers to the Interrogatories had not yet been obtained from the Town, but that the Town had the answers in their possession. (*Id.* at ¶ 18). Defendant's legal counsel also said he would try to reach out to the Town Clerk on Wednesday, February 11, 2026 to get the signatures so the signed answers to the Interrogatories would be provided to Plaintiffs. (*Id.*).

Having heard no further communication from Defendant's legal counsel on Wednesday, February 11, Affiant sent an e-mail to Defendant's legal counsel at approximately 8:51 a.m. on Thursday, February 12, 2026, asking, among other things, whether Defendant's legal counsel had successfully connected with the Town Clerk to get signatures on the Interrogatories. (*Id.* at ¶ 19, <u>Ex. H</u>). Among other items in the February 12 e-mail, the e-mail also laid out the lengthy delays to date, some of the excuses given by the Town for not timely providing the responses to the Interrogatories, and provided a courtesy notice to Defendant's counsel that this Motion to Compel Discovery would be filed if Defendant did not supply signed copies of the responses to the Interrogatories by 8 a.m. on Friday, February 13, 2026. (*Id.*). No out-of-office reply from Defendant's legal counsel was received in response to the February 12 e-mail. (*Id.*).

Despite Plaintiffs providing an initial concession and delaying service of Plaintiffs' Discovery at Defendant counsel's request (*id.* at ¶ 5), despite Plaintiffs granting an extension to respond until January 23 (*id.* at ¶ 6), and despite Plaintiffs' repeated attempts to confer with Defendant's counsel (*id.* at ¶¶ 9-10, 12-13, 15, 18-20), Plaintiffs are still sitting empty-handed

with no answers to Plaintiffs' Interrogatories. (*Id.* at ¶ 21). At the time of this filing with the Court, Plaintiffs still have not received any answers to Plaintiffs' Interrogatories, nor have Plaintiffs received a confirmation from Defendant's legal counsel as to when signed answers to the Interrogatories will be provided and in hand to Plaintiffs' legal counsel. (*Id.* at ¶ 21).

## ARGUMENT

### I. LEGAL STANDARD

Under FRCP 37(a)(3)(B)(iii), a party seeking discovery may move for an order compelling discovery if the opposing party fails to answer interrogatories. If the Motion is granted, or if the disclosure of the answers to the Interrogatories are provided after this Motion is filed, the Court must require Defendant, as the party whose conduct necessitated the motion, to pay Plaintiffs' reasonable expenses incurred for this Motion, including attorney's fees. FRCP 37(a)(5)(A).

Under FRCP 33(b)(2), Defendants had 30 days or such longer agreed-upon period – January 23, 2026 in this instance – to provide their signed responses to Plaintiffs. The Town's signature in its answers to the Interrogatories are required. FRCP 33(b)(5).

### II. DEFENDANT'S ANSWERS MUST BE COMPELLED

As set forth above, Plaintiffs have not received any signed answers to Plaintiffs' Interrogatories. The failure to timely provide answers here is indicative of the Defendant's overall lack of promptness to timely provide other discovery responses. Provision and receipt of other discovery responses or production of documents have already been significantly delayed beyond the already-extended January 23, 2026 deadline. (Helquist Aff., at ¶¶ 17-18). Nearly sixty (60) days have passed since service of Plaintiffs' Discovery occurred on December 18, 2025. Defendant has not met the extended January 23, 2026 deadline as required under FRCP 33(b)(2). Defendant is almost three (3) weeks late supplying signed answers to Plaintiffs' Interrogatories.

6

Plaintiffs have met their meet-and-confer obligations under FRCP. (*See* Helquist Aff., ¶¶ 9-10, 12-13, 15, 18-20). There appears to be no substantial justification for Defendant's continued noncompliance and failure to provide signed Interrogatory answers or other excuse warranting Defendant relief from having to pay Plaintiffs' expenses in bringing this Motion. An award of expenses is warranted upon the granting of this motion. *See* FRCP 37(a)(5)(A).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Compel, order Defendant to provide signed responses to Plaintiffs' Interrogatories within two (2) days, and award Plaintiffs their reasonable expenses and attorney's fees in the amount of $6,545.00 (Helquist Aff., ¶ 22, Ex. I).

Dated this 13th day of February, 2026.

WELD RILEY, S.C.


By:      *s/Anders B. Helquist*_____
         Anders B. Helquist
         WI State Bar # 1070854
         Jeffrey A. Cormell
         WI State Bar # 1101522
         John Robert Behling
         WI State Bar # 1036097



3624 Oakwood Hills Parkway
Eau Claire, WI 54701
715-839-7786
ahelquist@weldriley.com
jbehling@weldriley.com
jcormell@weldriley.com
*Counsel for Plaintiffs*