UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CHAD M. McEVER, and
SCOTT OPPENHEIMER,

                Plaintiffs,

v.                                      Case No.:  25-CV-508-jdp

TOWN OF SCOTT,

                Defendant.

---

**DEFENDANT TOWN OF SCOTT'S MEMORANDUM IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION**

---

### I. Introduction.

The plaintiffs, Chad McEver and Scott Oppenheimer, have sued the small Burnett County, Wisconsin Town of Scott, raising federal and state constitutional claims out of the Town's November 11, 2024 enactment of an Ordinance related to wakesurfing and artificial wake enhancement on the Town's shallow natural lakes. Wakesurfing or wakeboats are currently a hot topic across the State of Wisconsin, but in this case the plaintiffs' lawsuit should fail at the onset.  That is because the Town of Scott's ordinance has not been enforced by the Town since its enactment, nor does the Town have any legal ability at the present time to enforce its ordinance or issue any citations or other penalties and prohibitions. The Town of Scott has no law enforcement, constables, or other Town officials that are legally allowed under Wisconsin law to enforce the ordinance.  The plaintiffs have never received any citations for wakesurfing in the Town of Scott nor is there any reasonable belief that they will be cited in the future for wakesurfing. Moreover, both plaintiffs have

testified that they have wakesurfed in the Town of Scott without any citations or prohibitions by the Town since the ordinance was enacted.  Simply put, the plaintiffs' federal constitutional challenges to the ordinance do not give rise to a "case or controversy" providing the Court with jurisdiction over the alleged federal claims.  Moreover, to the extent the court considers the substance of the plaintiffs' federal constitutional facial challenges to the Town ordinance on due process grounds, the claims fail as a matter of law under controlling case law and the undisputed facts presented on this motion.  Without any federal claims remaining, the court should decline to exercise any supplemental jurisdiction over any state law claims.

## II. Background.

The plaintiffs are residents of the states of Texas and Florida, that have vacation five bedroom "cabins" located on Birch Island Lake in the Town of Scott in Burnett County, Wisconsin. (DPF #66, 69, 106, 108, 110). Both Chad McEver and Scott Oppenheimer are recently retired, but they and their families do not spend a significant amount of time at their "cabins" in Wisconsin outside of the summer months between May and September. (DPF #74, 114,115). McEver and Oppenheimer each own what are known as hybrid or crossover boats; they are neither traditional ski boats nor dedicated wakeboats. (DPF #77, 80, 84, 120, 122, 123). Each of their boats can be used for traditional water skiing and wake boarding, but they also contain certain equipment such as hard ballast tanks and paddles and fins, that when they are used with filled ballast tanks, the boats are designed to create larger or higher enhanced wakes directly behind the boats that

2

allows a person to wake surf on the enhanced wave without using a tow rope. (DPF #80-83, 123, 126, 127). For purposes of this lawsuit, it is important to note that neither McEver nor Oppenheimer use their boats or wakesurf on any lake besides Birch Island Lake, nor do they ever intend to do so. (DPF #84, 95, 132).

On November 11, 2024, after following what they understood to be the process for enacting a local boating ordinance under Wis. Stat. § 30.77, the three-person Town Board for the Town of Scott enacted the following ordinance on a 2-1 vote:

**ORDINANCE NO. 2024-01**
Town of Scott, Burnett County, Wisconsin

**AN ORDINANCE RESTRICTING CERTAIN ARTIFICIAL WAKE ENHANCEMENT**

**WHEREAS,** in the interest of public health, safety, and/or welfare, including the public's interest in preserving natural resources, the Town of Scott ("Town") has the authority to enact ordinances covering waters within its jurisdiction if the ordinances are not contrary to or inconsistent with Chapter 30, Wis. Stats., and they relate to the equipment, use, or operation of boats or to any activity regulated by Sections. 30.60 to 30.71, Wis. Stats.; and

**WHEREAS,** there exist within the Town numerous lakes; and

**WHEREAS,** artificially enhanced wakes can cause environmental damage to lakes and lakeshore, including resuspension of sediment adding nutrients to the water and increased risk of algal blooms, turbidity, shoreline erosion, and threats to aquatic life and waterfowl; and

**WHEREAS,** boats with ballast systems increase the likelihood of aquatic invasive species being introduced and spread on lakes; and

**WHEREAS**, artificially enhanced wakes can damage shoreline, lake bottom, moored boats, and shoreline structures including docks; and

**WHEREAS,** operating boats in a stern down manner creates downward prop wash, disturbing the lake bottom far below the wave zone, 20 feet and more below the surface; and

**WHEREAS,** artificially enhanced wakes can endanger swimmers, anglers, and other watercraft; and

**WHEREAS,** the use of ballast and wake enhancing fins can cause unsafe operation by causing the bow to rise obscuring vision forward; and

3

**WHEREAS**, the Town submitted a draft of this ordinance to the Wisconsin DNR for advisory review at least 60 days prior to passage, pursuant to 30.77(3)(d), Wis. Stats.; and

**WHEREAS,** the Town has conducted a public hearing as required by 30.77(3)(aw) Wis. Stats in view of the ordinance extending to certain lakes which have over 60% of their shoreline in the Town, but which each extend into a second town; and

**WHEREAS,** the Town Board, after considering public comments and any DNR suggestions, determines that adopting this Ordinance is consistent with all other ordinances of the Town and would promote the public health, safety and welfare, including the public's interest in preserving natural resources;

**NOW, THEREFORE**, the Town board of the Town of Scott, Burnett County, Wisconsin, does hereby ordain as follows:

**Section 1. Applicability and Enforcement**: The provisions of this ordinance shall apply to all waters wholly within the Town of Scott, Burnett County, Wisconsin and shall also apply to the following lakes all of which have 60% or more of their shoreline within the Town of Scott, Burnett County, Wisconsin.

> Birch Island Lake - Over 60% of shoreline in Town of Scott and all remaining shoreline in Town of Jackson.
> McKenzie Lake -Over 60% of shoreline in Town of Scott and all remaining shoreline in Washburn County/Town of Casey.
> Middle McKenzie Lake - Over 60% of shoreline in Town of Scott and all remaining
> shoreline in Washburn County/Town of Casey.
> Fish Lake - Over 60% of shoreline in Town of Scott and all remaining shoreline in Town of Webb Lake.

This ordinance shall be enforced by all officers of Town of Scott, Burnett County, Wisconsin and all other individuals empowered to enforce ordinances in this Town.

**Section 2. Certain Artificial Wake Enhancement Prohibited**

**(1)**    **Prohibited Equipment.** No person may use or employ ballast tanks, ballast bags or fins to cause a boat to operate in a bow-high manner, or which increases or enhances a boat's wake.

**(2)**    **Prohibited Operation.** No person may operate a boat in an artificially bow-high manner having the effect of increasing the boat's wake. Such prohibited operation shall include wake enhancement by use of ballast tanks, or ballast bags, or mechanical fins, or continuous operation at transition speed (the speed below planing speed in which a boat is operating in plowing mode).

**(3)**    **Certain Operations Excluded.** In no event shall any of the following operations be deemed a violation of this Ordinance, provided such operations do not use or employ ballast tanks, ballast bags or wake enhancing fins: i) water skiing, ii) tubing, iii) wake boarding employing a tow rope; iv) brief transition operation to empty a boat of bilge water, or

v) brief transition operation of a boat accelerating into a planing condition.

**Section 3. Penalty.**

(1)    Wisconsin state boating penalties as found in s. 30.80, Wis. Stats., and deposits established in the Uniform Deposit and Bail Schedule established by the Wisconsin Judicial Conferences, are hereby adopted by reference, except all references to fines are amended to forfeitures and all references to imprisonment are deleted.
(2)    To the extent that the penalty for any violation of this Ordinance is not provided under Wisconsin state boating penalties as found in s. 30.80, Wis. Stats., any person violating this Ordinance shall forfeit $500 for the first offense and shall forfeit
$1000 for the second and subsequent offenses within one year. Deposits established in the WISCONSIN CIRCUIT COURT FEE, FORFEITURE, FINE AND SURCHARGE TABLES shall also apply to any violation.

**Section 4.Severability.** Should any portion of this Ordinance or the affected Code Section(s) be held invalid by a court of competent jurisdiction, the remainder shall not be affected.

**Section 5.Effective Date.** Upon adoption, this Ordinance shall take effect the day after publication or posting.

(DPF# 9). Critical for purposes of this motion, however, the Town has not enforced its ordinance since its enactment, not against the plaintiffs nor any other person. That is because the Town of Scott has no enforcement ability for any ordinance; it has no law enforcement or constable; and the Town has never enacted a necessary enabling ordinance under Wis. Stat. § 66.0113 which authorizes the Town Board or Town officials to issue citations or otherwise enforce any Town ordinances as required under Wis. Stat. § 66.0113. (DPF #59-62). Moreover, the Town chair and one of the supervisors, both who voted in favor of the ordinance, have testified that the Town and Town Board has no plan to issue any citations or enforce the ordinance. (DPF #62, 65).

As for their federal claims against the Town challenging the ordinance, the plaintiffs are alleging: (1) Procedural Due Process Claims under the Fourteenth Amendment on vagueness and overbreadth grounds under both 42 U.S.C. § 1983,

and 28 U.S.C. §§ 2201-2202(declaratory judgment)(Complaint at p. 15-20), and a

Substantive Due Process Claim under the Fourteenth Amendment on unspecified

grounds, under both 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201-2202(declaratory

judgment)(Complaint at p. 21-22). All of the plaintiffs remaining claims are

supplemental state law claims under state statutes or the Wisconsin Constitution

brought under Wis. Stat. § 806.04 (declaratory judgment).

### III. Standard of Review.

Pursuant to Federal Rule of Civil Procedure 56, the purpose of the summary

judgment process is to pierce the pleadings and assess the parties' proof to

determine whether there is a genuine need for a trial.  *See McDonnell v. Cournia,*

990 F.2d 963, 967 (7th Cir. 1993).

> Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
>
> A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgment. A factual issue is genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

*Technology Mktg. Corp. v. Hamlin, Inc.,* 974 F. Supp. 1224, 1226-27 (W.D. Wis.

1997) (citations omitted).

The moving party on summary judgment only bears the burden of informing

the court of the basis for the motion and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c)),

*Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has

carried this initial burden, the opposing party bears the burden of showing that

there is a genuine dispute as to material facts.  *See Celotex*, 477 U.S. at 324.

IV.   **THE PLAINTIFF'S FEDERAL CLAIMS ARE NOT RIPE AND THE PLAINTIFFS' LACK STANDING TO PURSUE THE FACIAL CHALLENGES TO THE TOWN'S ORDINANCE.**

As noted above, the Town's ordinance has never been enforced against either

of the plaintiffs since its enactment, nor has the Town given any reasonable or

credible basis to believe it will do so in the future.  Thus, there are no undisputed

facts or evidence to establish that the ordinance has been applied to the plaintiffs in

this case, but they are primarily seeking declaratory and injunctive relief.

(Complaint p. 30). Accordingly, to the extent the plaintiffs are alleging federal

constitutional due process challenges to the Town of Scott's ordinance, they are

facial challenges not an as applied challenges. "A facial challenge is really just a

claim that the law or policy at issue is unconstitutional in all its applications."

*Bucklew v. Precythe*, 587 U.S. 119, 139 S. Ct. 1112, 1127, 203 L.Ed.2d 521 (2019). "A

facial challenge usually invites prospective relief, such as an injunction, while an

as-applied challenge invites narrower, retrospective relief, such as damages."

*Lukaszczyk v. Cook Cnty.*, 137 F.4th 671, 674 (7th Cir. 2025).

**A. The Claims Do Not Give Rise to a "Case or Controversy."**

"'No principle is more fundamental to the judiciary's proper role in our

system of government than the constitutional limitation of federal-court jurisdiction

to actual cases or controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337, 136 S.

Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). A plaintiffs'

standing to sue and ripeness of a claim are fundamental to a Court's Article III

original subject matter jurisdiction over a claim as well as under the Declaratory

Judgment Act:

> Article III of the Constitution limits the jurisdiction of federal courts to
> "cases" and "controversies." The phrase "case of actual controversy" in
> the Declaratory Judgment Act "refers to the type of 'Cases' and
> 'Controversies' that are justiciable under Article III." The requirements
> of the Act and those of Article III are therefore coextensive.

*Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019)(citations omitted).

For standing a "plaintiff must have (1) suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision." *Id* . at 538 (citations omitted). "To

establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of

a legally protected interest' that is 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical.' *Id.* at 539 (citations omitted). Indeed,

the Supreme Court has repeatedly held that: "Abstract injury is not enough. The

plaintiff must show that he 'has sustained or is immediately in danger of sustaining

some direct injury' as the result of the challenged official conduct and the injury or

threat of injury must be both 'real and immediate,' not 'conjectural' or

'hypothetical.'" *Los Angeles v. Lyons,* 461 U.S. 95, 101–102, 103 S.Ct. 1660, 1665, 75

L.Ed.2d 675 (1983) (citations omitted).

Here the plaintiffs have suffered *no* direct injury nor are they immediately in

danger of sustaining a direct injury, and any claim of fear of future enforcement of

8

the Town's ordinance against them is not real or credible, and is merely

hypothetical as will be explained below.

Likewise, the plaintiffs' claims fail the ripeness analysis:

One aspect of the case-or-controversy requirement is ripeness. Declaratory judgment actions are ripe and otherwise justiciable when " 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " There must be a "definite and concrete," "real and substantial" dispute that "touches the legal relations of parties having adverse legal interests" and "admits of specific relief through a decree of a conclusive character, *as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.*

*Amling*, 943 F.3d at 377 (citations omitted)."Ripeness and other justiciability

requirements bar a federal court from deciding a question that depends on so many

future events that a judicial opinion would be "advice about remote contingencies."

*Id.* at 378. "Focusing particularly on suits for declaratory relief, the Supreme Court

has explained that courts must look at 'whether the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance

of a declaratory judgment.'" *Rock Energy Co-op. v. Vill. of Rockton*, 614 F.3d 745,

748 (7th Cir. 2010).

Standing and ripeness is fundamentally lacking for any federal claims in this

lawsuit under the above standards because in this case, it is undisputed that the

Town of Scott has issued no citations to the plaintiffs or anyone else under the

ordinance it enacted in November 2024. (DPF #60, 62, 63, 100, 102, 103,135, 136,

136, 137). It has made no attempt to enforce the ordinance, nor does it have any plan to enforce the ordinance or issue citations. (DPF #62).

That is because the Town has no constable, police department, or other law enforcement agency that has legal authority under Wisconsin law to enforce any town ordinance, let alone Ordinance No. 2024-01. (DPF # 59). Further, it is undisputed that the DNR and Burnett County cannot enforce the Town's ordinance either. (DPF # 63). Town Boards and their officials have limited powers under Wisconsin statutes. *See* Wis. Stat. § 60.22 (general powers of town board); Wis. Stat. § 60.24(1)(powers of town chair). Under Wis. Stat. § 60.0113(2), town boards may also specifically adopt an enabling ordinance to designate a specific town official to issue citations:

> (2) Issuance; filing. (a) Citations authorized under this section may be issued by law enforcement officers of the county, town, city, village, town sanitary district or public inland lake protection and rehabilitation district. *In addition, the governing body of a county, town, city, village, town sanitary district or public inland lake protection and rehabilitation district may designate by ordinance or resolution other county, town, city, village, town sanitary district or public inland lake protection and rehabilitation district officials who may issue citations with respect to ordinances which are directly related to the official responsibilities of the officials.* Officials granted the authority to issue citations may delegate, with the approval of the governing body, the authority to employees. Authority delegated to an official or employee shall be revoked in the same manner by which it is conferred.

Wis. Stat. Ann. § 66.0113 (emphasis added). But here, it is undisputed that the Town of Scott has never adopted an ordinance under § 66.0113(2) that authorizes specific town officials to issue citations or other wise enforce any Town ordinances. (DPF #61). Further, two of the current board members have testified they have no

10

intention of voting for an enabling ordinance to allow board members to enforce the ordinance. (DPF # 62, 65).

Simply put, under these undisputed facts the plaintiffs' facial constitutional claims challenging the ordinance are asking this Court to decide hypothetical questions that depend on so many future events that a judicial opinion would be "advice about remote contingencies." *Amling*, 943 F.3d at 378. As a result, they are not justiciable because claims about the ordinance's enforceability are merely speculative and may never come to pass because the Town has no intention or ability to enforce the ordinance.

Likewise, the plaintiffs cannot establish standing for their facial constitutional challenges because their supposed injury is 'conjectural' or 'hypothetical.' *Lyons,* 461 U.S. 95, 101–102. The Town has not cited or stopped them from wakesurfing on Birch Island Lake, and the plaintiffs can point to no credible evidence that they have any actual fear and threat that the ordinance will be enforced against them or that they will receive citations from the Town at any point in the future. The plaintiffs have both acknowledged they have continued to wakesurf on Birch Island Lake since the ordinance passed and they intend to continue to do so in the future. (DPF #138, 139, 104).  Here the plaintiffs have failed to establish that they have suffered an 'actual or imminent, not conjectural or hypothetical' injury to convey standing under either Article III or the Declaratory Judgment Act.  Accordingly, the Court must dismiss the federal claims for lack of subject matter jurisdiction as there is no actual federal "case or controversy" at issue in this lawsuit.

## IV.   THE   PLAINTIFFS'   DUE   PROCESS   VAGUENESS   AND OVERBREADTH CHALLENGE FAIL AS A MATTER OF LAW.

Should the Court conclude that it has jurisdiction over the federal claims, the plaintiffs' due process claims still fail as a matter of law.  The plaintiffs make a facial claim that the Town's ordinance is unconstitutionally vague or overbroad in violation of due process. (Complaint at ¶ 90-115).

"Under *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,'" i.e., that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449, 128 S. Ct. 1184, 1190, 170 L. Ed. 2d 151 (2008).

As the Supreme court has further held:

Facial challenges are disfavored for several reasons. Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of "premature interpretation of statutes on the basis of factually barebones records." Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither "'anticipate a question of constitutional law in advance of the necessity of deciding it'" nor "'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution. We must keep in mind that "'[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'"

*Id.* at 450–51 (citations omitted). "[T]he bar for facially invalidating a statute on vagueness grounds is very high, especially for civil statutes, which receive 'greater tolerance ... because the consequences of imprecision are qualitatively less severe" than a criminal penalty.' *Smiley v. Jenner*, No. 23-2543, 2026 WL 1074327, at *5–6

12

(7th Cir. Apr. 21, 2026). As for vagueness, a law is unconstitutionally vague only if it fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited" or would result in "arbitrary and discriminatory enforcement." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). If the law reaches no constitutionally protected activity, however, the law survives if it has even one valid application, reflecting the traditional *Salerno* standard. *See Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497, 102 S. Ct. 1186, 1193, 71 L. Ed. 2d 362 (1982).

Here the plaintiffs' claim certain language and phrases in the below portion of the ordinance are undefined and claim they are unconstitutionally vague:

**Section 2. Certain Artificial Wake Enhancement Prohibited**

(3)     **Prohibited Equipment.** No person may use or employ ballast tanks, ballast bags or fins to cause a boat to *operate in a bow-high manner*, or which increases or enhances a boat's wake.

(4)     **Prohibited Operation.** No person may operate a boat in an *artificially bow-high manner having the effect of increasing the boat's wake*. Such prohibited operation shall include wake enhancement by use of ballast tanks, or ballast bags, or mechanical fins, or continuous operation at transition speed (the speed below planing speed in which a boat is operating in plowing mode).

They assert that they believe they are not operating their boats in a "bow high" or "artificially bow high" manner because they can see over the bow when wakesurfing and claim that without any definitions or measurements in the ordinance it gives to much discretion to law enforcement. (Complaint at ¶ 99-101).

The problem with their facial challenge however is that there is no federal constitutional right to wakesurf, so if there is only one valid application of the ordinance the facial challenge fails. *Flipside*, 455 U.S. at 497 (citations omitted). Here the ordinance spells out the prohibited equipment portion of the ordinance, if

13

the boat is operating in a bow high or artificially bow high manner *while* using "ballast tanks, ballast bags or fins" or if those same devices "increases or enhances a boat's wake." Likewise, it also spells out prohibited operation which focuses on operating the boat in an artificial bow high manner while using "wake enhancement by use of ballast tanks, or ballast bags, or mechanical fins." These prohibitions clearly establish that it is the use of wake enhancement devices and equipment to increase or enhance the wake that is basis of the regulation. These applications are valid and understandable and not based on hypotheticals. *Flipside*, 455 U.S. at 497. The plaintiffs raise all kinds of hypotheticals and conjectures about other types of boating activities involving fishing or pontoon boats that they claim might fall under the ordinance, but the Town is not aware of any such boats using ballast tanks, or ballast bags, or mechanical fins to increase their wake, and it is specious to suggest that this somehow creates a unconstitutional vagueness for enforcing the ordinance.

The Supreme Court has made clear that the Due Process Clause does not require municipalities to legislate with surgical precision. Indeed, the Justices have underscored that it would be a "basic mistake" for a court to declare a statute void for "the mere fact that close cases can be envisioned." *United States v. Williams*, 553 U.S. 285, 305, 128 S. Ct. 1830, 1846, 170 L. Ed. 2d 650 (2008) (rejecting a vagueness challenge to a criminal statute encompassing some First Amendment activity). Indeed, "[c]lose cases can be imagined under virtually any statute." *Id*. at 306, 128 S.Ct. 1830; *see also Wash. State Grange*, 552 U.S. at 449–50 ("In determining

14

whether a law is facially invalid, we must be careful not to ... speculate about 'hypothetical' or 'imaginary' cases.").

The Seventh Circuit emphasizes the same point. "A statute need not define every term to survive a vagueness challenge." *Brown v. Chicago Bd. of Educ.*, 824 F.3d 713, 717 (7th Cir. 2016); *see also Trustees of Ind. Univ. v. Curry*, 918 F.3d 537, 540 (7th Cir. 2019) ("Some uncertainty at the margins does not condemn a statute."). Put another way, the bar for facially invalidating a statute on vagueness grounds is very high, especially for civil statutes, which receive "greater tolerance ... because the consequences of imprecision are qualitatively less severe" than a criminal penalty. *Flipside*, 455 U.S. at 498–99.

Here the plaintiffs have failed to establish a facial challenge on vagueness grounds because they cannot establish that the ordinance is vague under all circumstances. Accordingly, their due process claim on vagueness grounds should be dismissed as a matter of law.

The plaintiffs also make a cursory statement that the ordinance is constitutionally overbroad, but the overbreadth doctrine is generally only applicable to First Amendment cases, which is not applicable to the wakesurfing ordinance in question, so the claim should be dismissed. *United States v. Williams*, 553 U.S. 285, 292, 128 S. Ct. 1830, 1838, 170 L. Ed. 2d 650 (2008).

## V.   THE PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM FAILS AS A MATTER OF LAW.

The plaintiffs also make a cursory claim that the Town's ordinance violates their substantive due process rights somehow, but they make no specific factual allegations concerning this claim. (Complaint at ¶ 116-121). [T]he scope of

15

substantive due process is very limited." *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019) (alteration in original) (citation omitted). To claim a substantive due process claim they must "demonstrate either that the ordinance infringes a fundamental liberty interest or that the ordinance is arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Greater Chi. Combine & Ctr., Inc. v. City of Chi.*, 431 F. 3d 1065, 1071 (7th Cir. 2005) (citations omitted). "Substantive due process protects only the most egregious and outrageous governmental action." *Campos*, 932 F.3d at 975.

Wakesurfing is not a fundamental right under the Constitution so the ordinance must only pass rational basis analysis to be upheld. "[G]overnmental action passes the rational basis test if a sound reason may be hypothesized." *Greater Chi. Combine*, 431 F.3d at 1071 (citation omitted).  Here the ordinance itself contains rational justification for the ordinance's enactment:

> **WHEREAS,** there exist within the Town numerous lakes; and
>
> **WHEREAS,** artificially enhanced wakes can cause environmental damage to lakes and lakeshore, including resuspension of sediment adding nutrients to the water and increased risk of algal blooms, turbidity, shoreline erosion, and threats to aquatic life and waterfowl; and
>
> **WHEREAS,** boats with ballast systems increase the likelihood of aquatic invasive species being introduced and spread on lakes; and
>
> **WHEREAS**, artificially enhanced wakes can damage shoreline, lake bottom, moored boats, and shoreline structures including docks; and
>
> **WHEREAS,** operating boats in a stern down manner creates downward prop wash, disturbing the lake bottom far below the wave zone, 20 feet and more below the surface; and
>
> **WHEREAS,** artificially enhanced wakes can endanger swimmers, anglers, and other watercraft; and
>
> **WHEREAS,** the use of ballast and wake enhancing fins can cause unsafe operation by causing the bow to rise obscuring vision forward; and

(DPF #5).  Any one of these rationales and purposes of enacting the ordinance is sufficient under the rational basis analysis to uphold a facial substantive due process challenge and the claim fails as a matter of law. *Greater Chi. Combine*, 431 F.3d at 1071 (citation omitted).

## VI.    TO THE EXTENT THE PLAINTIFF MAY BE CLAIMING A TAKINGS CLAIM, THE CLAIM FAILS AS A MATTER OF LAW.

The plaintiffs do not specifically allege a cause of action for a takings claim under the Fifth Amendment or state law, but the plaintiffs in their factual allegations make a brief assertion that the ordinance is "taking of [their] personal property." (Complaint ¶ 59, 65).  Under the undisputed facts presented on this motion, however, any such claim fails as a matter of law. "The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." *Murr v. Wisconsin*, 582 U.S. 383, 392, 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017). But for there to be a regulatory taking of private property, the property owner must be deprived of all beneficial or economic use of that property by the regulation. *See id.* at 393.  Here both McEver and Oppenheimer acknowledged that the Town's ordinance does not restrict or deprive them from all beneficial use of their boats on Birch Island Lake, they continue to use their boats for non-wakesurfing uses and recreation such as cruising and waterskiing, unabated since the ordinance was enacted. (DPF# 92, 93, 94105, 125, 130, 131). In sum, there is no takings here as a matter of law.

17

## VII.  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE-LAW CLAIMS.

Because the Court must dismiss all of the federal original jurisdiction claims in this case, the court should decline to exercise supplemental jurisdiction over the state law claims. Indeed, in such circumstances "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). Given the unique claims the plaintiffs are asserting under the state constitution and state statutes, the court should decline to exercise supplemental jurisdiction over them and dismiss the state law claims. See 28 U.S.C. § 1367(c).

## VIII. Conclusion.

Based on the foregoing arguments, the defendant Town of Scott respectfully request that the Court grant their motion for summary judgment dismissing the federal claims for lack of jurisdiction or as a matter of law, and to decline supplemental jurisdiction over any state law claims and awarding costs and fees incurred in defending against the claims in this lawsuit pursuant to 42 U.S.C. § 1988.

Dated at Wausau, Wisconsin this 27th day of April 2026.

**s/ Michael J. Roman**
Michael J. Roman
State Bar No. 1020648
Attorneys for Defendant Town of Scott
KRAMER SHULL REETHS LLP
210 McClellan Street
Suite 400
Wausau, WI 54403
Telephone: (715) 845-5656
Fax: (715) 845-5666
*Email: mroman@ksrllpl.com*